RUSTAM A. BARBEE   #5655
Attorney at Law
1188 Bishop Street, Suite 2606
Honolulu, Hawaii   96813
Telephone:  (808) 524-4406
Facsimile:   (808) 524-4306
E-Mail: Rustam@HonoluluAttorney.com

Attorney for Defendant
LOUIS M. KEALOHA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR. NO. 17-00582 JMS (02) |
| Plaintiff, | ) MEMORANDUM OF LAW |
|  | ) IN SUPPORT OF MOTION |
| vs. | ) |
| LOUIS M. KEALOHA, | ) |
| Defendant. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION**

This motion for a Bill of Particulars addresses Counts 5, 6 and 7 of the indictment.

Counts 5 and 6 of the indictment charge that LOUIS M. KEALOHA Obstructed an Official Proceeding in violation of 18 U.S.C. sec. 1512 (c)(2) but do not specify what particular act(s) by him indicate, or tend to indicate that he intentionally and/or knowingly obstructed an official proceeding or how guilt

may be imputed to Mr. Kealoha.  Counts 5 and 6 the indictment only describe alleged false statements made by a co-defendant, Minh-Hung Nguyen, and fail to provide notice to the defense or the tribunal as to what act(s), if any, support the charges against Mr. Kealoha.

Similarly, Count 7 of the indictment alleges that LOUIS M. KEALOHA provided a False Statement to a Federal Officer in violation of 18 U.S.C. sec. 1001 but does not specify what particular act(s) by him indicates, or tends to indicate that he intentionally and/or knowingly gave such a false statement or how guilt is imputed to Mr. Kealoha.   Count 7 only describes alleged false statements made by a co-defendant, Minh-Hung Nguyen, to a U.S. Postal Service Inspector and fails to provide notice to the defense or the tribunal as to what act(s), if any, support this charge against Mr. Kealoha.

Rule 7(f) of the Federal Rules of Criminal Procedure provides that the Court may direct the filing of a Bill of Particulars upon motion made by a defendant.  A Bill of Particulars provides the defendant details of the charges necessary to prepare a defense, to avoid prejudicial surprise at trial and to protect against a second prosecution based upon the same facts.  United States v. Chavez, 845 F.2d 219, 220 (9th Cir. 1988); Kreck v. Spaulding, 721 F. 2d 1229, 1232 (9th Cir.1983); United States v. Cecil, 608 F.2d 1294, 1296 (9th Cir. 1979).

A Bill of Particulars should be ordered where it will avoid or minimize surprise at trial and permit the preparation of an adequate defense. United States v. Dicesare, 765 F.2d 890,897 (9th Cir. 1985) ("Bill of Particulars is appropriate when the indictment is insufficient to permit the preparation of an adequate defense"). Among the functions a Bill of Particulars serves is "to enable [a defendant] to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague and indefinite for such purpose." United States v. Giese, 597 F.2d 1170 (9th Cir. 1979).

Whether to grant a Bill of Particulars is a matter within the sound discretion of the trial court. United States v. Chavez, 845 F.2d at 220. The test in ruling on such a motion is whether deprivation of the information sought will render the defendant unable to adequately prepare a defense, avoid surprise, or avoid later risking double jeopardy. United States v. Chavez, 845 F.2d at 220; United States v. Addonizio, 451 F.2d 49, 63-64 (3d Cir. 1971), 405 U.S. 936.

A defendant should not be deprived of information to prepare a defense simply because the information sought might be used by the government as evidence. United States v. Crisona, 416 F.2d 107 (S.D.N.Y. 1967), 397 U.S. 961. Moreover, a motion for a Bill of Particulars cannot be denied on the theory that a defendant "knows" what he "did". Such a ruling would stand the

presumption of innocence on its head by assuming that the defendant knew what his own "guilty" acts were.

Because a Bill of Particulars is founded on the Sixth Amendment right to defend, doubt must be resolved in favor of disclosure. Otherwise, prejudice would result. Prejudice in this context is defined in terms of the impairment of the defendant to intelligently and effectively mount a defense. See, e.g., United States v. Valenzuela-Bernal, 102 S. Ct. 3440 (1982). When a charging document lacks sufficient particularity to allow a defendant to prepare a defense, the defendant's ability to confront adverse witnesses and to use compulsory process is seriously inhibited. Her right to due process thus is clearly implicated.

In the present case, counts 5, 6 and 7 do not contain specific allegations against Mr. Kealoha sufficient to permit the preparation of his defense. The three counts describe acts allegedly committed by a co-defendant, Mr. Nguyen. As they presently read, counts 5, 6 and 7 are vague and indefinite as to Mr. Kealoha and pose a risk of surprise at trial and fail to protect against a second prosecution based upon the same facts. United States v. Chavez, 845 F.2d at 220 (9th Cir. 1988).

Therefore, for all the above stated reasons, this Court should grant LOUIS M. KEALOHA's motion and Order the government to file a Bill of Particulars addressing the issued identified and listed in defendant's Motion.

DATED: Honolulu, Hawaii, December 6, 2017.

/s/Rustam A. Barbee
RUSTAM A. BARBEE
Attorney for Defendant
LOUIS M. KEALOHA