RUSTAM A. BARBEE   #5655
Attorney at Law
1188 Bishop Street, Suite 2606
Honolulu, Hawaii   96813
Telephone:   (808) 524-4406
Facsimile:   (808) 524-4306
E-Mail: Rustam@HonoluluAttorney.com

Attorney for Defendant
LOUIS M. KEALOHA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) CR. NO. 17-00582 JMS (02) |
|---|---|
| Plaintiff, | ) DEFENDANT LOUIS M. |
| | ) KEALOHA'S RESPONSE AND |
| vs. | ) MEMORANDUM IN OPPOSITION |
| | ) TO GOVERNMENT'S MOTION TO |
| LOUIS M. KEALOHA, | ) PRECLUDE IMPROPER CLOSING |
| | ) ARGUMENT; |
| Defendant. | ) CERTIFICATE OF SERVICE |
| _____ | ) |

**DEFENDANT LOUIS M. KEALOHA'S RESPONSE AND
MEMORANDUM IN OPPOSITION TO GOVERNMENT'S MOTION TO
<u>PRECLUDE IMPROPER CLOSING ARGUMENT</u>**

COMES NOW the defendant, LOUIS M. KEALOHA, through his attorney, Rustam A. Barbee, and submits his Response and Memorandum in Opposition to the Government's Motion to Preclude Improper Closing Argument.

## I. Introduction

Louis M. Kealoha is charged in the First Superseding Indictment with the following offenses:

| | |
|---|---|
| **Count 1**: | 18 U.S.C. § 371 Conspiracy to commit, Depravation of Civil Rights; Obstruction of Official Proceeding; False Statement to Government Agency; and, Obstruction of Justice; |
| **Count 2**: | 18 U.S.C. § 1512(c)(2) Attempt to Obstruct Official Proceeding (Louis Kealoha testimony at trial of Gerard Puana identifying Puana as the person appearing on a video of mailbox theft); |
| **Counts 3 and 10**: | 18 U.S.C. § 1512(c)(2) Attempt to Obstruct Official Proceeding (Gordon Shiraishi alleged false grand jury testimony about when he received a telephone call about mailbox theft) and 18 U.S.C. § 1001 False Statements to Federal Officer (Gordon Shiraishi alleged false statement to FBI about when he received a telephone call about mailbox theft) ; |
| **Counts 6 and 8**: | 18 U.S.C. § 1512(c)(2) Attempt to Obstruct Official Proceeding (Minh-Hung Nguyen alleged false grand jury testimony about when and how video hard drive was recovered and identification of Gerard Puana as the person appearing on a video of mailbox theft) and 18 U.S.C. § 1512(c)(2) Attempt to Obstruct Official Proceeding (Minh-Hung Nguyen alleged false grand jury testimony about communicating with Niall Silva about alleged false information being provided to US postal Service and Gerard Puana's trial). |

The government contends in Count 2 that Louis Kealoha lied at the trial of Gerard Puana by falsely identifying Puana as the person appearing to steal the mailbox in front of Kealoha's home. The defense contends and intends to argue to the jury that Kealoha did not intentionally lie in giving his opinion on identity and that Puana's past appearance and history of engaging in bad conduct influenced Kealoha in his identification of Puana.

Furthermore, Puana's past misdeeds evidence a motive on the part of Puana to steal the Kealoha mailbox as Puana has acted out in the past by committing offenses in response to perceived petty provocation.

The specific prior acts of Puana include; Puana's response to a neighbor parking in an area Puana didn't like by Puana pushing the neighbor's car using his own car and unlawfully entering the neighbor's dwelling; throwing a cup of coffee at the Kealoha home because Puana's niece, Katherine Kealoha did not return his phone calls; and, threatening a kill a roommate while at a drug treatment facility for stepping on Puana's bunk bed mattress.

On June 21, 2019 after the close of trial evidence, the government filed a Motion to Preclude Improper Closing Argument contending that such argument constitutes propensiity evidence prohibited by Rule 404 of the Federal Rules of Evidence. (ECF, Docket no. 807).

## II.     Discussion

The Constitution guarantees a criminal defendant "'a meaningful opportunity to present a complete defense.'". *Holmes v. South Carolina*, 547 U.S. 319, 324 (2006).  Both the Fifth and Sixth Amendments protect a defendant's right to have a meaningful opportunity to present a defense. See *Crane v. Kentucky*, 476 U.S. 683, 690 (1986). The Tenth Circuit has explained: The Fifth (or Fourteenth if a state is involved) and Sixth Amendments concomitantly provide a criminal defendant the right to present a defense by compelling the attendance, and presenting the testimony, of his own witnesses. The Supreme Court's reading of the Sixth Amendment's Compulsory Process Clause, establish[es], at a minimum, that criminal defendants have the right to the government's assistance in compelling the attendance of favorable witnesses at trial <u>and the right to put before a jury evidence that might influence the determination of guilt</u>. *United States v. Serrano*, 406 F.3d 1208, 1215 (10th Cir. 2005)(emphasis added)(citations omitted).

Furthermore, In *United States v. Montelongo*, 420 F.3d 1169 (10th Cir. 2005), the Court held that a constitutional violation occurs where "the defendant is prohibited from engaging in 'otherwise appropriate cross-examination' " that results in precluding him from eliciting information

from which jurors could draw vital inferences in his favor. Put another way, "a defendant's right to confrontation may be violated if the trial court precludes an entire relevant area of cross-examination." *Parker v. Scott*, 394 F.3d 1302, 1316 (10th Cir. 2005).

Rule 404(b) of the Federal Rules of Evidence provides:

(b) Other Crimes, Wrongs, or Acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as **proof of motive**, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident...". (emphasis added).

The Ninth Circuit has held repeatedly that Rule 404(b) is a "rule of inclusion." *United States v. Ayers*, 924 F.2d 1468, 1472–73 (9th Cir. 1992). Evidence of other crimes or bad acts is admissible whenever relevant to an issue other that the witnesses' criminal propensity, such as intent motive or knowledge.

Rule 404(b) covers the admission of other crimes, wrongs, or acts against "a person," and does not specify that the "person" must be a criminal defendant. See *Huddleston v. United States*, 485 U.S. 681, 685 (1988). Accordingly, most courts hold that a criminal defendant has the same right to offer Rule 404(b) evidence as do prosecutors. See, e.g., *United States v.*

5

*Montelongo*, 420 F.3d 1169, 1174 (10 Cir. 2005); *United States v. Stevens*, 935 F.2d 1380, 1404 (3d Cir. 1991); *United States v. Cohen*, 888 F.2d 770, 776 (11 Cir. 1989).

A defendant's 404(b) evidence is often called "reverse 404(b)" evidence. *Stevens*, 935 F.2d 1380, 1401 (3d Cir. 1991). In *Stevens*, the Court held that the "district court imposed too stringent a standard of similarity on [the defendant]." 935 F.2d at 1404. The Court held that "a lower standard of similarity should govern 'reverse 404(b)' evidence because prejudice to the defendant is not a factor." 935 F.2d at 1404. The Court then stated that "a defendant may introduce 'reverse 404(b)' evidence so long as its probative value under Rule 401 is not substantially outweighed by Rule 403 considerations." 935 F.2d at 1405. The opinion in *Stevens*, rejected the government's contention that a defendant may offer rule 404(b) evidence only under "hard and fast preconditions," and stated: "a defendant must demonstrate that the "reverse 404(b)" evidence has a tendency to negate his guilt, and that it passes the Rule 403 balancing test.". 935 F.2d at 1405. In *Stevens*, the Court ultimately determined that the defendant's proffer was relevant under rule 401, because <u>it made his guilt less probable</u>. 935 F.2d at 1405-1406, (emphasis added).

Several other courts have found that the standards for admission of

evidence to show conduct in conformity with prior conduct are relaxed when a defendant attempts to offer the rule 404(b) evidence. In *United States v. Aboumoussallem*, 726 F.2d 906 (2nd Cir. 1984) the Court analyzed the admissibility of prior crimes evidence that the defendant proffers. The Court noted:

> [W]e believe the standard of admissibility when a criminal defendant offers similar acts evidence as a shield need not be as restrictive as when the prosecution uses such evidence as a sword. The prosecution in the Anglo-American tradition, may not ordinarily offer evidence of a defendant's prior wrongdoing for the purpose of persuading the jury that the defendant has a propensity for crime and is therefore likely to have committed the offense for which he stands trial. As Dean Wigmore points out, the evidence "is objectionable not because it has no appreciable value but because it has too much." Presumably, the "too much" argument means that a guilty person, and, of far more serious concern, an innocent person, may be convinced primarily because of the jury's willingness to assume his present guilty from his prior misdeed. Wigmore also identifies objections based on the risk that the jury will convict because the defendant may not have been punished for his prior offenses and the injustice of requiring the defendant to defend against a series of accusations. . . . However, the risks of prejudice are normally absent when the defendant offers similar acts evidence of a third party to prove some fact pertinent to the defense. In such cases the only issue arising under Rule 404(b) is whether the evidence is relevant to the existence or non-existence of some fact pertinent to the defense.

*Aboumoussallem*, 726 F.2d at 911-12 (footnotes omitted)(citations omitted).

Similarly, in *United States v. Krezdorn*, 639 F.2d 1327 (5th Cir. 1981), the Court stated that "[t]he extrinsic acts rule is based on the theory that the jury will use evidence that the defendant has, at other times, committed bad acts to convict him of the charged offense. Consequently, the only purpose served by extrinsic offense evidence is to demonstrate the propensity of the defendant to act in a certain way, the evidence must be excluded. When, however, the extrinsic offense was not committed by the defendant, the evidence will not tend to show that the defendant has a criminal disposition and that he can be expected to act in conformity therewith. When the evidence will not impugn the defendant's character, the policies underlining 404(b) are inapplicable. 639 F.2d at 1332-33 (citations omitted)(internal quotation marks omitted).

In addition to the Second, Third and Fifth Circuits, the United States Courts of Appeals for the First, Seventh, and Eleventh Circuits have determined that rule 404(b) is inapplicable to the admissibility of evidence of acts of third parties. See *United States v. Reed*, 259 F.3d 631, 634 (7th Cir. 2001)("In deciding whether to admit such evidence, a district court should balance the

evidence's probative value under Rule 401 against considerations such as prejudice, undue waste of time and confusion of the issues under Rule 403."); *United States v. Morano*, 697 F.2d 923, 926 (11th Cir. 1993)("But although Rule 404(b) does not control this situation, the exceptions listed in the Rule should be considered in weighing the balance between the relevancy of this evidence and its prejudice under Rule 403."); *United States v. Gonzales-Sanchez*, 825 F.2d 572, 582 n.25 (1st Cir. 1987) ("Inasmuch as this evidence does not concern past criminal activity of [the defendant], Rule 404(b) is inapplicable.").

    In the present case, evidence of Gerard Puana's physical appearance at the time of Puana's Unlawful Entry into Dwelling case was put into issue in Mr. Kealoha's description of how Puana appeared to him in the video of the mailbox theft. Mr. Kealoha's identification of Puana is therefore directly implicated by Kealoha's knowledge of Puana's past physical appearance during the time period when Puana was charged for his past offense. Indeed, a photograph of Puana's physical appearance has been admitted into evidence at trial. (Trial Exhibit No. 1271). Because Count 2 of the Superseding Indictment alleges that Mr. Kealoha attempted to obstruct the trial of Gerard Puana by falsely identifying Puana as the mailbox thief, the defense should be entitled to argue that Kealoha was being truthful in his trial testimony because in

identifying Puana, Kealoha was mentally comparing Puana's past physical appearance to the image of the mailbox thief depicted in the video. The Court should deny the Government's Motion to preclude Mr. Kealoha's closing argument.

Clearly, the prior acts of Gerard Puana tend to advance an argument that Puana had a motive to steal the Kealoha's mailbox. Puana's prior acts of pushing his neighbor's car using his own car and unlawfully entering the neighbor's dwelling in response to the neighbor parking in an area Puana didn't approve of ; throwing a cup of coffee at the Kealoha home because Puana's niece, and defendant Katherine Kealoha did not return his phone calls; and, threatening a kill a roommate while at a drug treatment facility for stepping on Puana's bunk bed mattress show that Puana has acted out in the past by committing offenses in response to perceived petty provocation. As such, the prior acts demonstrate Puana's <u>motive</u> to steal the Kealoha's mailbox in retaliation for Katherine Kealoha's failure to return Puana's telephone calls.

Finally, under a Rule 401 and 403 analysis, the defense's argument is relevant and based on already admitted evidence and is crucially important to the defense's theory that Louis Kealoha did not deliberately lie at Puana's trial in identifying Puana as the person appearing in the mailbox theft video as alleged

by the government in Count 2 of the superseding indictment. Whereas, there is little to no unfair prejudice in allowing the argument because the criminal prosecution against Puana has been dismissed with prejudice and Puana can no longer be charged with the mailbox theft.

### III. Conclusion

The Court should deny the Government's Motion to preclude Mr. Kealoha's closing argument. To do otherwise, will invite reversible error.

DATED: Honolulu, Hawaii, June 23, 2019.

/s/Rustam A. Barbee
RUSTAM A. BARBEE
Attorney for Defendant
LOUIS M. KEALOHA