WILLIAM P. BARR
Attorney General
ROBERT S. BREWER, JR.
United States Attorney
MICHAEL G. WHEAT, CBN 118598
JOSEPH J.M. ORABONA, CBN 223317
JANAKI S. GANDHI, CBN 272246
COLIN M. MCDONALD, CBN 286561
Special Attorneys of the United States
880 Front Street, Room 6293
San Diego, CA 92101
619-546-8437/7951/8817/9144
michael.wheat@usdoj.gov

Attorneys for the United States

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

OCT 22 2019

at 4 o'clock and 00 min. P M
SUE BEITIA, CLERK

# UNITED STATES DISTRICT COURT

## DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LOUIS M. KEALOHA (2),<br><br>Defendant. | CR. No. 17-00582 JMS-WRP<br><br>SENTENCING AGREEMENT<br>AND APPELLATE WAIVER |

### SENTENCING AGREEMENT AND APPELLATE WAIVER

IT IS HEREBY AGREED between the Plaintiff, UNITED STATES OF AMERICA, through its counsel, the Attorney General William P. Barr, United States Attorney Robert S. Brewer, Jr., and the Special Attorneys named herein, and

ORIGINAL

1

defendant, LOUIS M. KEALOHA ("Defendant"), with the advice and consent of Rustam A. Barbee, counsel for defendant, as follows:

1.  On June 27, 2019, following a jury trial, Defendant was found guilty of crimes of conspiracy and obstruction of an official proceeding, as charged in Counts 1, 2, 6, and 8 of the First Superseding Indictment. Defendant also currently stands charged by indictment with eight counts of Bank Fraud in CR No. 18-00068 JMS-WRP. The parties have negotiated a global resolution in this case and CR No. 18-00068 JMS-WRP. This Agreement is contingent on Defendant entering a Plea Agreement in CR No. 18-00068 JMS-WRP at the same time this Sentencing Agreement is entered. If Defendant fails to perform or breaches any part of this Agreement or the Plea Agreement in CR No. 18-00068 JMS-WRP, the United States will be relieved from and not bound by any terms in either this Sentencing Agreement or the Plea Agreement.

## FACTUAL STIPULATION

2.  The parties agree and stipulate that the facts presented in Defendant's Presentence Report in this case (docket no. 888) are true and accurate and should be considered at sentencing as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

//

//

## APPLICABILITY OF SENTENCING GUIDELINES

3.  Defendant understands that the District Court in imposing sentence will consider the provisions of the United States Sentencing Guidelines. Defendant agrees that there is no promise or guarantee of the applicability or non-applicability of any Guideline or any portion thereof, notwithstanding any representations or predictions from any source. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory. The Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction.

4.  The sentence is within the sole discretion of the sentencing judge who may impose the maximum sentence provided by statute. It is uncertain at this time what Defendant's sentence will be. The United States has not made and will not make any representation about what sentence Defendant will receive. Any estimate of the probable sentence by defense counsel is not a promise and is not binding on the Court. Any recommendation by the United States at sentencing also is not binding on the Court. If the sentencing judge does not follow any of the parties' sentencing recommendations, Defendant cannot withdraw from his Plea Agreement in CR No. 18-00068 JMS-WRP, or fail to perform his obligations in this Sentencing Agreement.

//

5. Although the Guidelines are only advisory and just one factor the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments, and Departures:

Group 1: Conspiracy/Obstruction in CR No. 17-00582 JMS-WRP

| | | |
|---|---|---|
| a. | Base Offense Level [§ 2X1.1/2H1.1/2J1.2] | 19 |
| b. | SOC – Color of Law [§ 2H1.1(b)(1)(B)] | +6* |
| c. | Vulnerable Victim [§ 3A1.1(b)(1)] | +2* |
| d. | Aggravating Role [§ 3B1.1] | +2* |
| | Total Offense Level for Group 1: | 19/29* |

*The United States will recommend upward adjustments pursuant to USSG §§ 2H1.1(b)(1)(B), 3A1.1(b)(1), and 3B1.1, based on the facts of this case. Defendant is free to oppose only the upward adjustments under USSG §§ 2H1.1(b)(1)(B), 3A1.1(b)(1), and 3B1.1.

Group 2: Bank Fraud in CR No. 18-00068 JMS-WRP

| | | |
|---|---|---|
| a. | Base Offense Level [USSG § 2B1.1] | 7 |
| b. | SOC – Loss is Zero [§ 2B1.1(b)(1)(A)] | +0 |
| c. | SOC – Subst. Financial Hardship to ≥ 1 Victim [§2B1.1(b)(2)(A)] | +2 |
| d. | SOC – >$1M From Financial Institution [USSG § 2B1.1(b)(17)] | +2 |
| | Total Offense Level for Group 2: | 11 |

Based on the above calculations, the resulting combined offense levels are as follows:

United States' Combined Offense Levels: Grouping under § 3D1.1 – § 3D1.5

| | | |
|---|---|---|
| a. | Highest Base Offense Level [§ 3D1.1] | 29 |
| b. | Increase for Multiple Offenses [§3D1.4] | +0 |
| c. | Acceptance of Responsibility | -2 |
| | Total Grouped Offense Level: | 27 |

4

<u>Defendant's Combined Offense Levels</u>: Grouping under § 3D1.1- § 3D1.5

| | | |
|---|---|---|
| a. | Highest Base Offense Level [§ 3D1.1] | 19 |
| b. | Increase for Multiple Offenses (1 ½ units) [§3D1.4] | +1 |
| c. | Acceptance of Responsibility | <u>- 2</u> |
| | Total Grouped Offense Level: | 18 |

As part of this Agreement, the United States agrees to not seek a departure for disruption of government function under USSG § 5K2.7. The United States also agrees to not seek a +3 or +4 upward adjustment for aggravating role under USSG § 3B1.1(a)-(b).

6. Despite paragraph 5 above, the United States need not recommend an adjustment for Acceptance of Responsibility if Defendant engages in conduct inconsistent with acceptance of responsibility including, but not limited to, the following:

 a. Fails to truthfully admit a complete factual basis as stated in the Plea Agreement in CR No. 18-00068 JMS-WRP at the time the plea is entered, or falsely denies, or makes a statement inconsistent with, the factual basis set forth in that Plea Agreement or with the factual stipulation contained in this Sentencing Agreement;

 b. Falsely denies prior criminal conduct or convictions;

 c. Is untruthful with the United States, the Court or probation officer;

 d. Breaches this Agreement, or the Plea Agreement in CR No. 17-00582-JMS, in any way; or

 e. Transfers or conceals property (or properties) that would otherwise be available for payment of restitution.

 f. Contests any forfeiture or restitution ordered in this case.

7. The parties agree that the Court is not bound by any stipulation entered into by the parties but may, with the aid of the presentence report, determine the facts relevant to sentencing.

## RECOMMENDATIONS REGARDING CUSTODY

8. The United States will recommend that Defendant be sentenced within the advisory guideline range as calculated by the United States at the time of sentencing. The United States further agrees to recommend that the sentence imposed in CR No. 18-00068 JMS-WRP run concurrent to the sentence imposed in this case.

9. Defendant may not recommend additional downward adjustments or departures. Defendant may request a sentencing reduction under 18 U.S.C. § 3553.

## RESTITUTION

10. Defendant's conviction includes restitution. Defendant agrees to the following terms:

   a. The crimes which the jury convicted Defendant of in the First Superseding Indictment requires an order from the Court pursuant to 18 U.S.C. § 3663(a)(1)(A) that Defendant make mandatory restitution to the victims of the offense of conviction or the estate(s) of the victims.

   b. The amount of restitution ordered by the Court shall include restitution to any person directly harmed by the Defendant's criminal conduct in the

course of the scheme, conspiracy, or pattern. The Court may also order restitution to persons other than the victims of the offense of conviction. Restitution may include losses arising from counts dismissed and charges not prosecuted as well as all relevant conduct in connection with those counts and charges.

        c.      The parties estimate the total amount of restitution will be $289,714.96 to the victims of the offense. The parties agree that Defendant shall be jointly and severally liable with co-defendants Katherine P. Kealoha, Derek Wayne Hahn, and Minh-Hung "Bobby" Nguyen for 25% of this total amount. Accordingly, the parties will jointly recommend that Defendant pay restitution in the amount of $72,428.74 to the victims of the offense. Defendant understands that this is only an estimate based on currently available information, and the Court may impose restitution of any amount. Defendant agrees that a restitution award in an unanticipated amount is not grounds to withdraw Defendant's guilty plea.

        d.      The parties agree that interest will not accrue on the restitution judgment.

        e.      The total amount of restitution shall be due immediately and shall be ordered to be paid forthwith. Any payment schedule imposed by the Court establishes only a minimum obligation. Defendant will make a good faith effort to pay any restitution. Regardless of Defendant's compliance, any payment schedule

does not limit the United States' ability to collect additional amounts from Defendant through all available collection remedies at any time.

      f.      Restitution shall be paid to or on behalf of the following victims of Defendant's conduct:

| <u>Victims</u> | <u>Amount</u> |
|---|---|
| Gerard Puana | $46,261.00 x 25% = <u>$11,565.25</u> |
| Florence Puana | $243,453.96 x 25% = <u>$60,863.49</u> |

      g.      Restitution shall be paid through the Office of the Clerk of the District Court by bank or cashier's check or money order referencing the criminal case number and made payable to the "Clerk, United States District Court."

      h.      The United States may run credit and other financial reports on Defendant using public and non-public databases and share such information with the Court and the U.S. Probation Office. Defendant also authorizes the Internal Revenue Service to transmit to the United States Attorney's Office copies of his/her tax returns until restitution is paid in full and will promptly execute any documents necessary to carry out this authorization.

      i.      Defendant agrees that he will sign any IRS forms deemed necessary by the IRS to enable the IRS to make an immediate assessment of that portion of the tax and interest that he agrees to pay as restitution.

//

j. Defendant agrees not to file any claim for refund of taxes or interest represented by any amount of restitution paid pursuant to this Agreement.

k. The parties understand that defendant will receive proper credit for the payments made pursuant to this Agreement. Nothing in this Agreement shall limit the IRS in its lawful examination, determination, assessment, or collection of any taxes, penalties or interest due from the defendant for the time period covered by this Agreement.

l. Defendant agrees that this Agreement, or any judgment, order, or satisfaction issued in connection with this Agreement, will not satisfy, settle or compromise the defendant's obligation to pay the balance of any remaining civil liabilities, including tax, interest, and penalties owed to the IRS for the time period covered by this Agreement.

m. Not later than 30 days after execution of the sentencing Agreement, Defendant shall complete and provide to the United States, under penalty of perjury, a financial disclosure form listing all Defendant's current and projected assets and financial interests valued at more than $1,000. These include all assets and financial interests in which Defendant has an interest (or had an interest prior to September 1, 2019), direct or indirect, whether held in Defendant's name or in the name of another, in any property, real or personal, including marital and community property. Defendant shall also identify all assets valued at more than

$5,000 which have been transferred to any third party since January 1, 2017, including the location of the assets, the identity of the third party or parties, and the amount of consideration received by the Defendant for the transferred assets. Defendant will provide complete, updated financial information promptly upon request.

   n. From the date this Sentencing Agreement is executed until restitution is paid in full, Defendant shall immediately notify the Financial Litigation Unit, United States Attorney's Office, of any interest in property worth more than $1,000 that Defendant obtains, directly or indirectly, including any interest obtained under any other name or entity, including a trust, partnership or corporation. The parties will jointly recommend that this requirement also be imposed as a condition of supervised release.

   o. Defendant shall notify the Financial Litigation Unit, United States Attorney's Office, at least 30 days before Defendant transfers any interest in property owned directly or indirectly by Defendant worth over $1,000, including any interest held or owned under any other name or entity, including trusts, partnerships, or corporations. The parties will jointly recommend that this requirement also be imposed as a condition of supervised release.

//

//

p.   Defendant shall immediately notify the Financial Litigation Unit, United States Attorney's Office, of any material change in Defendant's financial condition.

q.   Defendant understands that restitution is delinquent until paid in full. Until restitution is paid in full, Defendant will be referred to the Treasury Offset Program so that any federal payment or transfer of returned property to Defendant will be offset and applied to pay Defendant's unpaid restitution.

## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

11.   In exchange for the United States' concessions in this Sentencing Agreement, Defendant knowingly waives (gives up), to the full extent of the law, all rights to appeal and collaterally attack every aspect of his conviction and any sentence within the maximum provided in the statute of conviction, including any restitution and forfeiture orders, in this matter and in CR No. 18-00068 JMS-WRP. The only exception is that Defendant may collaterally attack his conviction or sentence on the basis that Defendant received ineffective assistance of counsel. If at any time Defendant files a notice of appeal, appeals or collaterally attacks the conviction or sentence in violation of this Plea Agreement, said violation shall be a material breach of this Agreement as further defined below.

//

//

12. The United States retains its right to appeal the sentence and the manner in which it was determined on any of the grounds stated in Title 18, United States Code, Section 3742(b).

## BREACH OF THE SENTENCING AGREEMENT

13. Defendant and Defendant's attorney know the terms of this Agreement and shall raise, before the sentencing hearing is complete, any claim that the United States has not complied with this Agreement. Otherwise, such claims shall be deemed waived (that is, deliberately not raised despite awareness that the claim could be raised), cannot later be made to any court, and if later made to a court, shall constitute a breach of this Agreement. If at any time defendant files a notice of appeal, appeals or collaterally attacks the conviction or sentence in violation of this Sentencing Agreement, said violation shall be a material breach of this Agreement.

14. Defendant breaches this Agreement if Defendant violates or fails to perform any obligation under this Agreement. The following are non-exhaustive examples of acts constituting a breach:

    a. Failing to plead guilty pursuant to the Plea Agreement in CR No. 18-00068 JMS-WRP;

    b. Failing to fully accept responsibility in this matter and in CR No. 18-00068 JMS-WRP;

    c. Failing to appear in court;

    d. Attempting to withdraw the guilty plea in CR No. 18-00068 JMS-WRP;

      e.      Failing to abide by any court order related to this case;

      f.      Appealing (which occurs if a notice of appeal is filed) or collaterally attacking the conviction or sentence in violation of this Sentencing Agreement; or

      g.      Engaging in additional criminal conduct from the time of arrest until the time of sentencing.

15.    If Defendant breaches this Sentencing Agreement, Defendant will not be able to enforce any provisions of this Agreement or the Plea Agreement in CR No. 18-00068 JMS-WRP, and the United States will be relieved of all its obligations under this Agreement and the Plea Agreement in CR No. 18-00068 JMS-WRP. For example, the United States may proceed to sentencing but recommend a different sentence than what it agreed to recommend above. Or the United States may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this Agreement (Defendant agrees that any statute of limitations relating to such charges is tolled indefinitely as of the date all parties have signed this Agreement; Defendant also waives any double jeopardy defense to such charges). In addition, the United States may move to set aside Defendant's guilty plea in CR No. 18-00068 JMS-WRP. Defendant may not withdraw the guilty plea based on the United States' pursuit of remedies for Defendant's breach.

Additionally, if Defendant breaches this Plea Agreement: (i) any statements made by Defendant, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the factual stipulation in Paragraph 2 of this

13

Agreement; and (iii) any evidence derived from such statements, are admissible against Defendant in any prosecution of, or any action against, Defendant. This includes the prosecution of the charge that is the subject of this Plea Agreement or any charge(s) that the United States agreed to dismiss or not file as part of this Agreement, but later pursues because of a breach by the Defendant. Additionally, Defendant knowingly, voluntarily, and intelligently waives any argument that the statements and any evidence derived from the statements should be suppressed, cannot be used by the United States, or are inadmissible under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and any other federal rule.

## OTHER PROVISIONS

16. This Plea Agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral. No modification of this Plea Agreement shall be effective unless in writing signed by all parties.

17. By signing this Agreement, Defendant certifies that Defendant has read it. Defendant has discussed the terms of this Agreement with defense counsel and fully understands its meaning and effect.

//

//

18. Defendant has consulted with counsel and is satisfied with counsel's representation. This is Defendant's independent opinion, and Defendant's counsel did not advise Defendant about what to say in this regard.

DATED: Honolulu, Hawaii, 21 October 2019.

AGREED:

WILLIAM P. BARR
Attorney General
ROBERT S. BREWER, JR.
United States Attorney

_____
MICHAEL G. WHEAT
JOSEPH J.M. ORABONA
JANAKI S. GANDHI
COLIN M. MCDONALD
Special Attorneys to the Attorney General

_____
LOUIS M. KEALOHA
Defendant

_____
RUSTAM A. BARBEE, Esquire
Attorney for Defendant L. KEALOHA