WILLIAM P. BARR
Attorney General
ROBERT S. BREWER, JR.
United States Attorney
MICHAEL G. WHEAT, CBN 118598
JOSEPH J.M. ORABONA, CBN 223317
JANAKI S. GANDHI, CBN 272246
COLIN M. MCDONALD, CBN 286561
Special Attorneys to the Attorney General
United States Attorney's Office
880 Front Street, Room 6293
San Diego, CA 92101
619-546-8437/7951/8817/9144
michael.wheat@usdoj.gov

Attorneys for the United States

# UNITED STATES DISTRICT COURT
## DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KATHERINE P. KEALOHA (1),<br>LOUIS M. KEALOHA (2),<br>DEREK WAYNE HAHN (3),<br>MINH-HUNG NGUYEN (4),<br><br>Defendants. | CR. NO. 17-00582-JMS-WRP<br><br>UNITED STATES' SENTENCING BRIEF REGARDING GUIDELINES AND RESTITUTION<br><br>Date:  December 16, 2019<br>Time:  1:30 p.m.<br>Judge:  Hon. J. Michael Seabright |

### UNITED STATES' SENTENCING BRIEF REGARDING GUIDELINES AND RESTITUTION

On October 31, 2019, the Court directed the parties to file simultaneous briefing addressing the guideline section and restitution applicable to all defendants. The following is the United States' position on these matters.

I.  DEFENDANTS KATHERINE AND LOUIS KEALOHA

    A.  <u>The Offenses of Conviction and Sentencing Stipulations</u>

The jury convicted K. Kealoha and L. Kealoha of conspiracy to obstruct justice under 18 U.S.C. §§ 371 and 1519, and multiple obstruction counts under 18 U.S.C. § 1512(c)(2). *See* ECF Nos. 835, 836, 838, 839 (verdict forms). Following their convictions, K. Kealoha and L. Kealoha entered into sentencing agreements with the United States. *See* ECF Nos. 927, 928. Those agreements contained, among other provisions, factual stipulations, stipulations to the offense conduct and relevant conduct, and stipulations to the applicable guidelines.

Specifically, as to the facts, the agreements state that the "parties agree and stipulate that the facts presented in Defendant's Presentence Report in this case . . . are true and accurate and should be considered at sentencing as 'relevant conduct' under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1)." ECF Nos. 927 at 2, 928 at 2. And the facts contained in the defendants' Presentence Reports specifically establish that K. Kealoha and L. Kealoha deprived Gerard Puana of his right to be free from unreasonable seizures, in violation of 18 U.S.C. § 242. For example, among many other factual admissions, K. Kealoha and L. Kealoha admitted the truth of the following facts:

- On June 22, 2013, the day after the Kealohas' mailbox went missing, "K. Kealoha called 911 and <u>falsely reported</u> that the Kealohas' mailbox was stolen." ECF No. 918 at para. 47 (emphasis added); ECF No. 888 at para. 45.

- On June 24, 2013, three days after the Kealohas' mailbox went missing, "L. Kealoha <u>falsely identified</u> G. Puana as the individual depicted in the surveillance video allegedly stealing the Kealohas' mailbox." EFC No. 918 at para. 51 (emphasis added); ECF No. 888 at para. 51.

- On June 29, 2013, "K. Kealoha <u>falsely identified</u> G. Puana as the individual depicted in the surveillance video allegedly stealing the Kealohas' mailbox." ECF No. 918 at para. 54 (emphasis added); ECF No. 888 at para. 52. "HPD officers <u>arrested</u> G. Puana, who was still under continuance surveillance, approximately 10 minutes after K. Kealoha's identification." *Id.*

In other words, as part of the parties' sentencing agreements, K. Kealoha and L. Kealoha specifically admitted what was clear at trial: that they willfully framed Puana for the mailbox theft, illegally causing his arrest and prosecution. These acts constitute unmistakable violations of 18 U.S.C. § 242, which criminalizes the willful deprivation of civil rights under color of law. *See* ECF No. 824 at 24-26 (Jury Instructions with elements of Deprivation of Civil Rights).

Consistent with these factual admissions, K. Kealoha and L. Kealoha stipulated that the civil rights guideline (§ 2H1.1) applies to their conduct.

Specifically, K. Kealoha and L. Kealoha agreed that the base offense level for their crimes totals 19 under "2X1.1/2H1.1/2J1.2." *See* ECF Nos. 927 at 4, 928 at 4.[1]

    B.    <u>The Applicable Guidelines Section – § 2H1.1</u>

Ordinarily, a court pronouncing sentence under the guidelines applies the "offense guideline section . . . applicable to the offense of conviction." USSG § 1B1.2(a). In this case, referring to the statutory index in the guidelines, the offenses of conviction point to the obstruction of justice guideline, USSG § 2J1.2.

However, K. Kealoha and L. Kealoha's sentencing agreements place them squarely within the exception to the general rule—that is, "in the case of a plea agreement [] containing a stipulation that specifically establishes a more serious offense than the offense of conviction," the Court should apply the offense guideline section for the more serious offense. USSG § 1B1.2(a); *see United States v. Lawton*, 193 F.3d 1087, 1093 (9th Cir. 1999) ("If more serious conduct is specifically established by stipulations in a plea, then § 1B1.2(a) does require the district court

---

[1]     USSG § 2X1.1 applies to conspiracy convictions and cross-references "the guideline for the substantive offense, plus any adjustments from such guideline." The applicable substantive offense guideline, as stipulated by the parties, is USSG § 2H1.1, which applies to offense conduct relating to deprivation of civil rights under 18 U.S.C. § 242. That guideline, in turn, directs that the applicable base offense level is the greatest of one of four options. *See* USSG § 2H1.1(a). In this case, the parties stipulate that USSG § 2H1.1(a)(1) is applicable, which states that the base offense level is "the offense level from the offense guideline applicable to any underlying offense." The parties stipulate that the applicable guideline for the underlying offense is USSG § 2J1.2, which applies to 18 U.S.C. § 1519.

to consider that conduct in selecting a guideline."), *superseded by statute on other grounds*. The rationale behind this rule is a "practical one": "In a case in which the elements of an offense more serious than the offense of conviction are established by a plea agreement, it may unduly complicate the sentencing process if the applicable guideline does not reflect the seriousness of the defendant's actual conduct." USSG § 1B1.2, cmt. n.1.

That is precisely the scenario here: the seriousness of the Kealohas' admitted conduct is underrepresented by the obstruction guideline, which omits entirely the "color of law" specific offense characteristic contemplated by the civil rights guideline. Based on the factual admissions and guideline stipulations, § 2H1.1 is the appropriate offense guideline section for K. Kealoha and L. Kealoha. *See, e.g., United States v. Saldana*, 12 F.3d 160, 162 (9th Cir. 1993) ("In *United States v. Bos*, 917 F.2d 1178 (9th Cir. 1990), we affirmed a sentence imposed under § 1B1.2(a) which directs the district court to determine the offense guideline section based on the more serious offense rather than the offense of conviction if the stipulated facts in the plea agreement establish the commission of a more serious offense.").

  C. <u>Restitution For K. Kealoha and L. Kealoha</u>

The restitution amounts owed by K. Kealoha and L. Kealoha are detailed and agreed upon by the parties in the sentencing agreements. *See* ECF Nos. 927 at 7-11, 928 at 6-11. Both defendants have stipulated that the total amount of restitution

owed is $289,714.96 to the victims of the offenses of conviction, namely, Gerard Puana and Florence Puana. *See* 18 U.S.C. § 3663(a)(1)(A). K. Kealoha has stipulated that she is jointly and severally liable with her co-defendants for the total amount of the restitution owed to the victims.  L. Kealoha has stipulated that he is jointly and severally liable with his co-defendants for 25% of the total amount of the restitution. At sentencing, the parties will recommend that the Court enter an order of restitution for the Kealohas pursuant to 18 U.S.C. § 3663 and in accordance with the terms of their respective sentencing agreements.  *See United States v. Parrott*, 992 F.2d 914, 917 (9th Cir. 1993) ("Of course, the defendant and the government may negotiate a plea agreement wherein the defendant stipulates to the amount of restitution. We have consistently interpreted the [Federal Probation Act] to permit a sentencing court to award any amount of restitution, even an amount greater than the amount of losses alleged in the indictment, pursuant to a fully negotiated plea agreement.").

II.     DEFENDANTS HAHN AND NGUYEN

   A.     Applicable Guidelines Section – § 2J1.2

The jury convicted Hahn and Nguyen of multiple obstruction counts under 18 U.S.C. § 1512(c) and of conspiracy to obstruct justice under 18 U.S.C. § 1519. *See* ECF Nos. 835, 836, 838, 839. Hahn and Nguyen have not reached sentencing agreements with the United States. Accordingly, the obstruction of justice guideline,

6

USSG § 2J1.2, is the applicable guideline section because that is "the offense of conviction." *See* USSG § 1B1.2.

This is so even though the evidence at trial established far greater conduct. The evidence at trial established that Hahn and Nguyen conspired to deprive Puana of his civil rights. For example, under a *Pinkerton* theory, the jury found Hahn and Nguyen guilty of obstruction for L. Kealoha's false trial testimony identifying Gerard Puana as the mailbox thief. *See* ECF No. 836. In other words, the jury found beyond a reasonable doubt that Hahn and Nguyen were in a conspiracy with L. Kealoha (and K. Kealoha) and that L. Kealoha's false identification of Puana at trial "fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement." ECF No. 824 at 33 (instructions for *Pinkerton* liability). Nonetheless, conspiracy to deprive civil rights was not an object of the conspiracy selected by the jury, and thus does not support arriving at USSG § 2H1.1 for Hahn and Nguyen.[2]

//

//

---

[2] However, the United States will argue in its sentencing memoranda for Hahn and Nguyen for the equivalent of a "color of law" enhancement (as set forth in USSG § 2H1.1) as a Chapter 5, Part K departure or as an upward variance under 18 U.S.C. § 3553. *See Lawton*, 193 F.3d at 1094 ("Relevant conduct may be considered only in the imposition of guidelines enhancements and adjustments, once a guideline has been selected.").

7

B. <u>Restitution</u>

The United States will not be recommending that Nguyen or Hahn owe or pay any restitution.

III. <u>CONCLUSION</u>

The Court should impose the guidelines and restitution for each defendant as outlined above.

Dated: November 18, 2019.  Respectfully submitted,

   WILLIAM P. BARR
   United States Attorney General
   ROBERT S. BREWER, JR.
   United States Attorney

   */s/ Janaki S. Gandhi*
   MICHAEL G. WHEAT
   JOSEPH J.M. ORABONA
   JANAKI S. GANDHI
   COLIN M. MCDONALD
   Special Attorneys to the Attorney General

UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>KATHERINE P. KEALOHA (1),<br>LOUIS M. KEALOHA (2),<br>DEREK WAYNE HAHN (3),<br>MINH-HUNG NGUYEN (4),<br><br>　　　　　　Defendant. | CR. NO. 17-00582 JMS-WRP<br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED that:

I, Janaki S. Gandhi, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, CA 92101-8893. I am not a party to the above-entitled action. I have caused service of the foregoing on all parties in this case by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 18, 2019.

　　　　　　　　　　　　　　　　　　　/s/ Janaki S. Gandhi
　　　　　　　　　　　　　　　　　　　JANAKI S. GANDHI
　　　　　　　　　　　　　　　　　　　Special Attorney to the Attorney General